

# CIVIL COVER SHEET

17-CV-2684

17    2684

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Sha Wallace

**DEFENDANTS**
Weltman, Weinberg and Reis Co., LPA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Predrag Ficipovic
1735 Market St. Ste 3750, Phila, PA 19103

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only)* *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692
Brief description of cause: Violations of several sections of FDCPA

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
**JURY DEMAND:** ☐ Yes ☐ No
CHECK YES only if demanded in complaint:

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*: JUDGE _____ DOCKET NUMBER _____

DATE 6/13/2017
SIGNATURE OF ATTORNEY OF RECORD

JUN 14 2017

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**UNITED STATES DISTRICT COURT**

17  2684

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2326 N 18th ~~Street~~, Phila, PA 19132

Address of Defendant: 325 Chestnut St. #501, Phila, PA 19106

Place of Accident, Incident or Transaction: Philadelphia

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) 15 USC 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   Attorney-at-Law   Attorney I.D.#   JUN 14 2017

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/2017   Attorney-at-Law   312568   Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Keisha Wallace : CIVIL ACTION
        v.
Vetmen, Weinberg and Reis Co., L.P.A. : NO. 17  2684

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✗)

6/13/2017     Pedrop Fiupric     Plaintiff
**Date**     **Attorney-at-law**     **Attorney for**
267-265-0520     215 974-4479     PFesp@ifight4Justice.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

JUN 14 2017



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Keisha Wallace<br>2326 N 18th street,<br>Philadelphia , PA 191132, Plaintiff,<br>vs.<br>Weltmen, Weinberg, and Reis Co.,L.P.A<br>325 Chestnut St # 501, Philadelphia, PA 19106. | 17  2684<br><br>CIVIL ACTION NO.<br><br>FILED<br>JUN 14 2017<br>KATE BARKMAN, Clerk<br>By _____ Dep. Clerk |

**COMPLAINT**

**I.    INTRODUCTION**

1.  This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2.  The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt, including attempting to collect on time barred debt without so stating, failing to provide adequate disclosure regarding effects of subsequent payment or payment arrangements on otherwise time barred debt, as well as making misleading statements regarding status of the debt and failing to provide statutory disclosures regarding the validation of the debt, and interference with right of validation of debt.

3.  Defendant is subject to strict liability for sending a dunning collection letter, where it failed to provide any notice of consumer's right to debt validation found under FDCPA. 15 U.S.C. §§ 1692 g. in attempting to collect on debt owed to another, the original creditor identified by the Defendant, at the time dunning letter was sent as "Navient Credit Finance Corporation" . *See* a true and correct copy collection letter attached as **Exhibit A** hereto.

4.  Defendant is subject to strict liability for making false and misleading statements in connection with collection of the debt, in violation of at least §1692e.

1

## II. JURISDICTION

5. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337,

6. Defendant regularly conducts business within the Eastern District of Pennsylvania 28 U.S.C. §1391, and the dunning letter was dispatched by the Defendant to Plaintiff's mailing address captioned above, within the Eastern District of Pennsylvania.

7. Defendant, Weltman, Weinberg & Reis Co., LPA has a principal place of business and an office within Eastern District of Pennsylvania at, 325 Chestnut St # 501, Philadelphia, PA 19106.

## III. PARTIES and FDPCA COVERAGE

8. Plaintiff, Ms. Keisha Wallace ("Plaintiff") is an adult individual who resides at the address captioned above.

9. Plaintiff is a "consumer" as that term is contemplated under the FDCPA, 15 U.S.C. §1692a(3), as the alleged debt sough to be collected from consumer in this instance stems from her higher education provider, in tuition and related fees, and this is considered consumer debt, covered under the FDCPA, as it is for primarily for personal and household expenses.

10. Defendant Weltman, Weinberg & Reis Co., LPA, (hereafter the "debt collector"), is a "debt collector" within the meaning of the FDCPA 15 U.S.C. §1692a (6), and by own written admissions, as it regularly collects debt on behalf of another or owed to another, as it uses often uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of debts.

2

11. Defendant is subject to liability as a "debt collector" under the meaning of FDCPA via respondent superior doctrine, due to engaging, via its agents or employees in regular debt collection activities, as described in previous paragraph herein.

12. Debt collector's communication at issue herein, alleged that at the time the dunning letter was sent, the original and "current creditor", of the debt at issue herein, was "Navient Credit Finance Corporation". *See* Exhibit **A.**

## IV.   STATEMENT OF CLAIM

13. On or about November 2nd 2016, the debt collector sent to Plaintiff a collection letter, ("the letter"), which it failed to provide any notice of consumer's right to debt validation found under FDCPA. 15 U.S.C. §§ 1692 g. *See* a true and correct copy collection letter attached as **Exhibit A** hereto.

14. This letter is considered a communication from a debt collector to the consumer and it violates the FDCPA in at least several ways to be delineated below:

   a. The alleged underlying debt is beyond and past any applicable statute of limitations, yet the dunning letter fails to appraise Plaintiff of that fact, in violation of FDCPA, rather it invited consumer to make a "deal" and a tender a partial payment of $32,463. 01, failing to disclose that Defendant was legally prohibited from suing on the debt.

   b. Offering to settle debt without disclosing that it is time-barred, as is the case here, violates §1692e. See *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. Sept. 8, 2016).

   c. The debt collector was required to inform the consumer of the fact that making any partial payments, which the letter is inviting the consumer to do, or a even entering into a repayment plan, could and would have the effect of reviving the statute of limitations, all

3

   (a)   Statutory Damages;

of which the Defendant failed to do. *See* Pantoja v. Portfolio Recovery Assocs., L.L.C., __ F.3d __, 2017 WL 1160902 (7th Cir. Mar. 29, 2017). Affirming summary judgment for the consumer's §1692e claim against Defendant for offering to settle a time-barred debt without disclosing that 1) making a partial payment or even promising to make a partial payment could restart the statute of limitations on a 20 year old debt and 2) that Defendant was legally prohibited from suing on the debt. The court concluded that an unsophisticated consumer might reasonably read defendant's statement that *"[b]ecause of the age of your debt, we will not sue you"* to mean that the defendant was simply choosing not to sue. See generally Id. § 5.5.2.13.3.

d. The letter fails to provide any notice of consumer's right to debt validation found under FDCPA. 15 U.S.C. §§ 1692 g.

e. The letter interferes with consumer's substantive right of debt validation under §1692 g, as it invites a significant payment from the consumer without first providing the notice of consumer's statutory right to verify the validity of the debt, and trigger debt collector's statutory duties to validate.

15. Defendant's conduct was intentional and pervasive and premeditated.

16. Plaintiff is not aware of or in possession of any prior written correspondence from this debt collector regarding this debt.

**WHEREFORE,** Plaintiff, Keisha Wallace, demands judgment against the Defendant for:

(a) Statutory Damages;

(b) Attorney's fees and costs; and

(c) Actual damages

(c) Such other and further relief as the Court shall deem just and proper.

4

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 06/12/2017

/s/Predrag Filipovic, *Esq. (029312011)*
Attorney for Plaintiff
PREDRAG FILIPOVIC
1735 Market St.Ste 3750
Philadelphia, PA 19103

Enclosures: **Exhibit A;**

# EXHIBIT "A"



**WELTMAN WEINBERG & REIS**

**SETTLEMENT LETTER**

November 2, 2016

Dear KEISHA WALLACE:

We have some **good news** to share with you regarding the following account:

| Important Account Information |
|---|
| Current Creditor: NAVIENT CREDIT FINANCE CORPORATION |
| Account Number: XXXXXXXXX0101 |
| WWR File Number: 30853389 |
| Balance Due as of November 2, 2016: $78,657.54 |

Loan Servicer - Navient Solutions, Inc.
Reference Number - F7B19-2899

At this time we are happy to be able to offer you a **40% settlement** on your account. This 60% discount would be a savings of $47,194.53. The balance due today would be a single payment in the amount of **$31,463.01**.

Contact us for more information regarding payment arrangements.

This communication is from a debt collector attempting to collect this debt for the current creditor and any information obtained will be used for that purpose.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

To take advantage of this opportunity you may:

**Contact us by Phone:**
1-877-247-2768
MON-THURS 8AM-11:30PM, FRI 8AM-4:45PM EST

**Pay by Mail:**
P.O. Box 93596
Cleveland, OH 44101-5596

**Pay online at:**
www.wwrepay.com

BOSONWELT01105

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

By entering your information in the space provided below, you are authorizing Weltman, Weinberg & Reis Co., L.P.A to contact you, including via electronic means.

**Please verify contact information:**

| Email: | |
|---|---|
| Phone: | |
| Address: | |

3705 Marlane Drive
Grove City, OH 43123-8895
ADDRESS SERVICE REQUESTED

November 2, 2016

NCH/105/22614173/0337-105    261731323

KEISHA WALLACE
2326 N 18TH ST
PHILADELPHIA PA 19132-4315

WELTMAN, WEINBERG & REIS CO., LPA
P.O. Box 93596
Cleveland, OH 44101-5596

REFERENCE NUMBER - F7B19-2899
Balance Due as of November 2, 2016: $78,657.54
NCH/105/22614173/0337